IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-236-WYD-PAC

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff(s),

v.

DATA SERVICES, LLC, a/k/a POLS CORPORATION a/k/a DISSEMINATION
SERVICES, LLC a/k/a OTCOVERLOOKEDSTOCKS.COM, a Texas limited liability
company; and
SHANE A. MULLHOLAND;
its Officer and Directors,

    Defendant(s).

---

**ORDER**

---

THIS MATTER is before the Court on Defendants' Unopposed Motion for Stay of Proceedings, filed November 2, 2005 ("Motion to Stay").  This case was brought as a class action under Fed. R. Civ. P. 23(b)(2) alleging violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA").  Plaintiff seeks to certify a class of Plaintiffs to include:

> All persons throughout the United States who own
> telephone facsimile machines to whom Defendants
> transmitted faxes advertising the commercial availability or
> quality of property, goods or services from four years prior to
> the date of this Complaint to the present.

Plaintiff further seeks to certify a subclass consisting of:

> Consumer Crusade, Inc., a Colorado corporation for itself
> and its assignors to whom defendants transmitted faxes
> advertising the commercial availability or quality of property,

>        goods or services from four years prior to the date of this
>        Complaint to the present.

Plaintiff seeks declaratory and injunctive relief for all members of the class and subclass and seeks statutory damages under the TCPA for the members of the subclass.  Defendants have moved to dismiss Plaintiff's claims asserting that Plaintiff, as an assignee, lacks standing to bring its TCPA claim under Colorado law.  Defendants rely on the reasoning set forth in *US Fax Law Center, Inc. v. IHire, Inc.*, 373 F.Supp.2d 1208 (D. Colo. 2005), a case in which Chief Judge Babcock held that Plaintiff Consumer Crusade, acting as an assignee who had not obtained a legal or valid assignment, lacked standing to bring claims under the TCPA.

In the Motion for Stay, Defendants note that Plaintiff has commenced at least 28 separate actions in the United States District Court for the District of Colorado, all of which allege violations of the TCPA.  Many of these cases have been dismissed or stayed.  Defendants note that the same month Judge Babcock dismissed Plaintiff's TCPA claims in *IHire,* Judge Figa remanded Plaintiff's TCPA claims holding that Congress conferred exclusive jurisdiction in state courts over TCPA claims and federal courts lack jurisdiction over such claims under either federal question or diversity jurisdiction.  *See Consumer Crusade, Inc. v. Fairon and Associates, Inc.*, 379 F.Supp.2d 1132 (D. Colo. 2005).  Both *IHire* and *Fairon* are on appeal to the Tenth Circuit, and Defendants request that this Court issue an Order immediately staying this action in all respects, including all discovery matters.  I agree with Defendants that this case should be stayed in all respects until the Tenth Circuit rules on both the *IHire* and *Fairon* cases, or until the Tenth Circuit otherwise rules on the substantive issues presented in

```
```

those cases.  Therefore, it is,

ORDERED that this action is **STAYED** in all respects pending further Order of this Court.

Dated:  November 10, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge